ORRIN DRESSLER, INC., *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF BURR RIDGE *et al.*, Defendants-Appellants.

Second District  No. 2—87—1007

Opinion filed August 18, 1988.

Michael J. Duggan and Scott F. Uhler, both of Klein, Thorpe & Jenkins, Ltd., of Chicago (Terrence M. Barnicle, of counsel), for appellants.

Katten, Muchin & Zavis, of Oak Brook, and Thomas W. Fawell, of Thomas W. Fawell & Associates, P.C., of Chicago (Carey Cosentino, of counsel), for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Defendants, the Village of Burr Ridge (the Village) and Gus Zissimopolous (the Village's building commissioner), appeal from a declaratory judgment, entered on cross-motions for summary judgment, in favor of plaintiffs, Orrin Dressler, Inc. (Dressler), and F. Edward Gustafson (Gustafson). The dispute between the parties concerned whether a division of real estate owned by Dressler was subject to "An Act to revise the law in relation to plats" (the Plat Act) (Ill. Rev.

Stat. 1985, ch. 109, par. 1 *et seq.*) and to the Village's Subdivision Regulations Ordinance (the Ordinance). The trial court found that the division was exempt from both the Plat Act and the Ordinance.

On June 30, 1988, this court issued an opinion reversing the judgment of the circuit court of Du Page County. Plaintiffs filed a timely petition for rehearing, which we now deny. However, we also withdraw our opinion of June 30, 1988, and issue the instant opinion on denial of rehearing explaining our reversal of the circuit court's judgment.

The property at issue is legally described as:

"Lot 29 and the South 165 feet of Lot 28 in Branigar Brothers Second Addition to Hinsdale Farms Being a Subdivision of part of the Southeast Quarter of Section 13 and the Northeast Quarter of Section 24, Township 38 North, Range 11 East of the Third Principal Meridian, according to the Plat Village of Burr Ridge in Du Page County, Illinois and containing 7.5059 acres."

On August 18, 1985, a registered land surveyor certified that plats of four lots made from this property were correct representations of the property, which he had surveyed. On the plats, the new lots were called Mill Creek Nos. 1, 2, 3, and 4. The plats were recorded in the office of the Du Page County recorder of deeds on April 16, 1986.

Mill Creek No. 1 was sold to Richard Smith in late 1985 or early 1986. The Village issued a building permit to Mr. Smith, taking the position that this one division was exempt from the requirements of the Plat Act and the Ordinance but that subsequent divisions would not be exempt. Dressler entered into a contract to sell Mill Creek No. 2 to Gustafson. Prior to closing, Gustafson applied for a building permit. The Village denied the application on the basis that the requirements of the Ordinance would first have to be met. Plaintiffs brought this action seeking a declaratory judgment that the division was exempt from the requirements of the Plat Act and the Ordinance.

At trial, plaintiffs argued that several exemptions to the Plat Act and the Ordinance applied to Dressler's division of the property. The trial court found that only one of these exemptions was applicable. (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) Under that exemption, the trial court held that Dressler's creation of the four Mill Creek lots was exempt from the requirements of the Plat Act and the Ordinance and ordered that "if [the Mill Creek lots are] otherwise in compliance with the applicable Village building permit requirements [they] are each entitled to the issuance of a building permit thereupon." Defendants ap-

pealed from this judgment.

Plaintiffs in their brief state that they do not seek review of the trial court's ruling that the other exemptions are inapplicable. Therefore, the only issue on appeal is whether the exemption relied upon by the trial court authorized Dressler's division of the property. It did not.

Prior to January 27, 1986, the relevant exemption in Ordinance provided:

> "The following shall not be considered a subdivision and shall be exempt from the requirements of this Ordinance:
> * * *
> h. The sale or exchange of parcels or tracts of land following the division into no more than two parts of a particular parcel or tract of land existing on the effective date of this Ordinance which do not involve any new streets or easements of access." (Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).)

On January 27, 1986, section II(B)(44)(h) of the Ordinance was amended to be identical to the corresponding exemption in the Plat Act. At all relevant times, the Plat Act provided:

> "(b) Except as provided in subsection (c) of this Section, the provisions of this Act do not apply and no subdivision plat is required in any of the following instances:
> * * *
> 8. The sale or exchange of parcels or tracts of land following the division into no more than 2 parts of a particular parcel or tract of land existing on July 17, 1959 and not involving any new streets or easements of access." (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8).)

The differences between the two versions of the Ordinance and between the Ordinance and the Plat Act are not significant insofar as the applicability of the exemption to the division of property at bar is concerned.

Defendants contend that Dressler owned only one "parcel or tract of land" which Dressler wished to divide into four parts without being subject to the requirements of the Ordinance or the Plat Act. Plaintiffs contend that Dressler owned two "parcels or tracts of land," *i.e.*, (1) all of "Lot 29" (Lot 29) and (2) part of "Lot 28" (Lot 28) in "Branigar Brothers Second Addition to Hinsdale Farms." We need not determine whether Dressler owns one or two "parcels or tracts of land" because, even under plaintiffs' view of that question, Dressler's division of the property did not come within the exemption relied upon.

■ The exemptions in question apply only to the sale or exchange of parcels or tracts of land following the division into no more than two parts of "a particular parcel or tract of land existing on" the dates specified in the Plat Act and the Ordinance. (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) The boundaries of the parcel or tract when divided must be the same as its boundaries on the dates specified in the Plat Act and the Ordinance, otherwise it is not the "particular parcel or tract of land existing on" those dates. (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) Thus, for the exemptions to apply in the case at bar under plaintiffs' theory that Lot 29 and partial Lot 28 were two separate parcels or tracts of land, it would be necessary that the boundaries of Lot 29 and of partial Lot 28 not have been altered between the dates specified in the Plat Act and the Ordinance and the dates on which Lot 29 and partial Lot 28 were each divided into no more than two parts. (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) The case at bar will be reviewed with this in mind.

Dressler's division of the property resulted in the four Mill Creek lots. Mill Creek No. 1, sold to Richard Smith, was formed from part of Lot 28. Mill Creek No. 2, subject of the contract between Dressler and Gustafson, was formed from parts of both Lot 28 and Lot 29. Mill Creek Nos. 3 and 4 were formed from parts of Lot 29.

Plaintiffs contend that what occurred was that each of the original "parcels or tracts" was divided into two parts and then the lot line between Mill Creek Nos. 2 and 3 was relocated. Nothing in the Ordinance's section II(B)(44)(h) or the Plat Act's section 1(b)(8) exempts such a "relocation." (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) Indeed, such a "relocation" of a lot line is inconsistent with plaintiffs' contention that there were two "parcels or tracts" because it treats the land as a unit, rather than as two separate units the alteration of which would require conveyance of property from one to the other.

In their petition for rehearing, plaintiffs state:

"Mill Creek Lot No. 2 was formed as a result of a transfer of property between the southern parcel of former Lot 28 *** and the northern parcel of former Lot 29 ***."

Contrary to plaintiffs' contentions, even if plaintiffs' characterization of what occurred is accurate, there was a subdivision of property. In order to form Mill Creek No. 2, even under plaintiffs' theory, it was necessary to divide Lot 29 into at least two parts; that part which be-

came part of Mill Creek No. 2 and the rest which became Mill Creek Nos. 3 and 4. This was a subdivision under the Plat Act and the Ordinance (Ill. Rev. Stat. 1985, ch. 109, par. 1(a); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)), and the exemptions upon which plaintiffs rely do not exempt a transfer of property following such a division of a parcel or tract (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(8); Burr Ridge Subdivision Regulations Ordinance §II(B)(44)(h)).

■■ Although plaintiffs do not contest the trial court's ruling that it was inapplicable, we note that another exemption in both the Ordinance and the Plat Act did not apply to the division because there was no "sale or exchange of parcels of land between owners of adjoining and contiguous land" (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(3); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(c)), since the land had only one owner and there was no "sale or exchange of parcels" (Webster's Third New International Dictionary 792 (exchange), 2003 (sale) (1981); Black's Law Dictionary 505 (exchange), 1200 (sale) (5th ed. 1979).) Plaintiffs argue that this construction "leads to a patent injustice" since the exemption may be available where two adjoining and contiguous parcels are owned by separate owners but not where they are owned by a single owner. Assuming *arguendo* that a single owner could own two adjoining and contiguous parcels of land, the matter raised by plaintiffs here would more appropriately be presented to the State legislature and the Village's board, which both unambiguously required that there be a "*sale or exchange* of parcels of land between *owners* [*i.e.*, more than one owner] of adjoining and contiguous land" (emphasis added) for these exemptions to apply. (Ill. Rev. Stat. 1985, ch. 109, par. 1(b)(3); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(C).) The creation of the four Mill Creek lots cannot be found exempt on the basis of the Ordinance and Plat Act provisions upon which the trial court relied.

■■ We would also note that it does not appear that Lots 28 and 29 were each divided into two parts and a lot line relocated, as contended by plaintiffs. The plats certified by the land surveyor and recorded, show that Mill Creek No. 2 was formed from parts of Lot 28 and Lot 29. There is no indication of any "relocation" of a lot line. What occurred may more accurately be described as the division of partial Lot 28 into two parts—Mill Creek No. 1 and part of Mill Creek No. 2—and the division of Lot 29 into three parts—part of Mill Creek No. 2 and all of Mill Creek Nos. 3 and 4. If plaintiffs' claim that Dressler owned two parcels or tracts is correct, Mill Creek Nos. 2, 3, and 4 are, nonetheless, subject to the requirements of the Plat Act and the Ordinance because they all will be sold or exchanged fol-

lowing the division of one of those parcels or tracts, *i.e.*, Lot 29, into more than two parts. (See Ill. Rev. Stat. 1985, ch. 109, par. l(b)(8); Burr Ridge, Ill., Subdivision Regulations Ordinance §II(B)(44)(h).) Since the Village agreed that Mill Creek No. 1 was exempt and issued a building permit to the new owner of that property, this would also completely resolve, in a manner contrary to plaintiffs' position, the question of whether the Plat Act and the Ordinance apply to the property at issue.

Accordingly, the property at issue is not exempt from the Plat Act and the Ordinance, and the requirements of those enactments must be met. The judgment to the contrary of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and DUNN, JJ., concur.